IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

CHURCH OF GOD,                                )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )   No._____
                                              )
MANDALAY PICTURES, LLC,                       )   JURY TRIAL REQUESTED
IFC IN THEATERS, LLC, SONY PICTURES           )
WORLDWIDE ACQUISITIONS, INC., and             )
COMCAST CORPORATION,                          )
                                              )
            Defendants.                       )

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, FEDERAL UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

Plaintiff, Church of God, for its Complaint against Mandalay Pictures, LLC, IFC in Theaters, LLC, Sony Worldwide Acquisitions, Inc., and Comcast Corporation (collectively "Defendants") states as follows:

## PARTIES

1. Church of God is a non-profit corporation of the State of Tennessee and has its principal business address at 2490 Keith Street, Cleveland, Tennessee 37320-2430.

2. Upon information and belief, Mandalay Pictures, LLC is a limited liability company of the State of Delaware and has its principal place of business at 4751 Wilshire Boulevard, Third Floor, Los Angeles, California 90010.

3. Upon information and belief, IFC in Theaters, LLC is a limited liability company of the State of Delaware and has its principal place of business at 11 Penn Plaza, New York, New York 10001.

4. Upon information and belief, Sony Pictures Worldwide Acquisitions, Inc.

1

is a corporation of the state of California and has its principal business address at 10202 West Washington Boulevard, Culver City, California 90232.

5. Upon information and belief, Comcast Corporation is a corporation of the state of Pennsylvania and has its principal business address at One Comcast Center, Philadelphia, Pennsylvania 19103.

## JURISDICTION AND VENUE

6. This is an action for infringement of copyrights under the Copyright Laws of the United States, 17 U.S.C. § 101 et. seq., for unfair competition under the United States Trademark Act of 1946, the Lanham Act, 15 USC § 1051, et seq., for trademark infringement and unfair competition under the common law, and for violations of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et. seq..

7. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and the citizenship of Church of God is diverse from the citizenship of the Defendants.

8. This Court has jurisdiction of the subject matter pursuant to 15 U.S.C §1121, 28 U.S.C. §§ 1331, 1332, and 1338 and under this Court's pendent jurisdiction over related state claims arising under the same facts and circumstances pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 USC § 1391(b) and (c).

## NATURE OF THE ACTION

10. In existence since at least 1886, Church of God (hereinafter referred to at times as the "Church") is and at all times relevant hereto has been a Christian religious organization providing evangelical and ministerial services throughout the United States and the world. The Church includes, among other things, a substantial and multi-faceted "International Headquarters" operation in Cleveland, Tennessee, and thousands of member churches across the United States and around the world, together with affiliated major universities including Lee University, located in Cleveland, Tennessee and Patten University, located in Oakland, California, a number of Bible Colleges and Seminaries, and a diverse array of film production, recording, and other studio facilities and print publication operations, all for production of video

programs, publications, and other video/printed works for distribution in the U.S. and around the world to its millions of members and others in support of and in connection with its activities.

11. Since at least as early as June 1, 1986, Church of God has been and is now using a certain Cross design (the "Cross Mark"), shown below, continuously in commerce in the United States as a mark to identify and distinguish the source of the aforementioned and any/all other services and products for which the Cross Mark has been used (the "Services").



12. By virtue of the Church's substantially exclusive and continuous use of its Cross Mark for its Services for over twenty five (25) years, the Cross Mark has acquired and come to symbolize great and valuable goodwill throughout the United States and around the world as an identifier of a unique source of religious services and of the services and products which emanate from the Church, including the aforementioned Services.

13. Church of God owns all right, title and interest in and to the Cross Mark for use in connection with its Services throughout the United States and the world.

14. Church of God has promoted its Services under the Cross Mark in various printed and online advertising material, on signage and clothing, and other material published and/or distributed by the Church throughout the United States and the world. Church of God owns all copyright in the design of its Cross Mark and in all authorized works which embody or contain any form of the design of its Cross Mark, and all authorized derivative works based thereon.

15. The design of Cross Mark is subject to copyright protection and the copyright therein is and has been registered with the Library of Congress under U.S. Copyright Registration No. VA 1-712-217, with an effective date of registration of January 12, 2010, ("the Cross Design Copyright Registration").

16. On information and belief, Defendants, and each of them, have been and are now engaged in the production, manufacture, distribution, promotion, and/or display of a film entitled Salvation Boulevard in commerce in the United States, including in this district.

3

17. Defendants are using a certain "cross" design ("Defendants' Cross Design") to promote the Salvation Boulevard film. The design also appears within the film to identify a "religious group" at the center of the film's storyline. Exemplary frames from a promotional trailer for the Salvation Boulevard film are shown below, wherein Defendants' Cross Design is shown on the upper left of the "church" appearing in the frame on the left and on the vest apparel item in the frame to the right.




18. Defendants' Cross Design is a substantial reproduction of Church of God's Cross Mark, in mirror image.

19. Long before any date of first use of Defendants' Cross Design by Defendants for or in connection with the Salvation Boulevard film or otherwise, Church of God commenced and, since commencement, has made substantially continuous and exclusive use of its Cross Mark in commerce for and in connection with the Church's Services before its membership and before the general public throughout the United States and the world.

20. The distribution, advertising, promotion, creation, sale, and/or offer for sale of the Salvation Boulevard film under, using, and containing Defendants' Cross Design has been done without the license, consent or acquiescence of Church of God.

21. On information and belief, Defendants knew of the prior use of the Cross Mark by Church of God to, among other things, identify the source of the Church's Services and, therefore, Defendants did, and continue to, willfully and deliberately infringe upon, violate, and misuse the Cross Mark and Church of God's rights associated therewith.

4

22. On information and belief, Defendants substantially copied the design of the Cross Mark in the form of the design of the Defendant's Cross Design or caused or induced others to do so, have made, sold, and or distributed in commerce works, products, items, recordings, and materials which contain or embody such copies, or have caused or induced others to do so, and have otherwise made or caused or induced others to make or cause to be made one or more derivative or other works which infringe the copyright of the Church in the design of its Cross Mark, and the manufacture, distribution, display, rental, or other use of works, items, or things which embody the same infringes or violates copyright of the Church of God in the design of its Cross Mark as protected by its Copyright Registration.

23. Despite having had actual knowledge of the Church's prior use of the Cross Mark for the Church's Services, Defendants adopted and used the Defendants' Cross Design and have continued to use the same in willful or reckless disregard of the Church's prior and superior exclusive rights therein.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT

24. Church of God reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count I as follows:

25. The Salvation Boulevard film published, made, copied, distributed and/or used by and/or under the direction or control of Defendants contains and displays subject matter which is, was, and has been copied from or otherwise obtained or derived from the subject matter of the Cross Design Copyright Registration.

26. The Salvation Boulevard film constitutes unlawful publication of reproductions and/or derivatives of the subject matter of the Cross Design Copyright Registrations and Defendants' publication, copying, display, distribution, and use of the Salvation Boulevard film constitutes violations of the Church's exclusive rights under 17 U.S.C. § 106.

27. The acts of Defendants alleged in this Count I have caused and will continue to cause substantial and irreparable harm, damage and injury to the Church for which the Church of has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by

5

this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND RELATEDS VIOLATIONS

28. Church of God restates the foregoing paragraphs as if fully set forth herein, and for its Count II states as follows:

29. Defendants' Cross Design used by Defendants is confusingly similar to the Church's previously used Cross Mark and is used to identify a product and services which are related to those for which the Church has prior use of its Cross Mark in commerce; and use by Defendants in commerce as alleged herein is likely to cause confusion, mistake, and/or deception in violation of 15 USC § 1125(a).

30. Use by Defendants of Defendants' Cross Design for and in the Salvation Boulevard film falsely represents or suggests to the general public and to persons in the religious community that the Salvation Boulevard film was made, provided, distributed and/or sold with the permission of or authorization from the same commercial source as, or by or from the same commercial source as, the Services previously provided under the Church's Cross Mark, in violation of 15 USC § 1125(a).

31. The unauthorized uses by Defendants of the Cross Mark as alleged herein constitute false designation of origin in violation of 15 USC § 1125(a).

32. On information and belief, Defendants have, by their use of Defendant's Cross Design, falsely represented to and deceived the purchasing public and the trade in general so as to cause members of the purchasing public and persons in the trade and industry in general to believe that the Salvation Boulevard film and Defendants' Cross Design used for and in connection therewith have been authorized by, sponsored by, or approved by the source of Services provided under the Church's Cross Mark.

33. The unlawful use of Defendants' Cross Design by Defendants was and is being undertaken with knowledge of the Church's prior use of and superior rights in the Cross Mark, and with the deliberate intent to infringe upon Church of God's rights and to unlawfully and unfairly

6

compete with the Church and to divert trade, goodwill, and/or revenue from the Church, whereby Defendants have been and are being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from Defendants' unlawful misuse of Defendant's Cross Design.

34. The acts of Defendants alleged in this Count II have caused and will continue to cause substantial and irreparable harm, damage and injury to the Church for which the Church has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35. Church of God reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count III as follows:

36. The activities of Defendants as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion and deception among the purchasing public and persons in the trade and industry in general, and to allow Defendants to unjustly and unfairly benefit and enrich itself from the goodwill and value built up by the Church over many years of use of and extensive investment in advertising and promotion of its Cross Mark.

37. Defendants' acts as alleged herein have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry in general that Defendants are affiliated with, authorized by, sponsored by, or associated with the source of the services provided under the Church's previously used Cross Mark.

38. The acts of Defendants alleged in this Count III have caused and will continue to cause substantial and irreparable harm, damage and injury to the Church for which the Church has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT IV

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

39. Church of God reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count IV as follows:

40. By the actions alleged herein, Defendants are in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), (5), (8), and (27) of T.C.A. § 47-18-104(b).

41. As a result of the actions alleged herein, the Church has suffered and continues to suffer financial damage, injury, and irreparable harm.

42. Defendants committed the actions alleged herein knowingly and willfully.

43. Pursuant to T.C.A. 47-18-109(a)(3), the Church is entitled to treble damages for the knowing and willful acts of Defendants alleged herein.

44. Pursuant to T.C.A. 47-18-109(e)(1), the Church is entitled to its reasonable attorney fees and costs in bringing this claim.

WHEREFORE, Church of God prays for at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116 to prohibit any further violation of the Church's exclusive rights in the Cross Mark under 15 U.S.C. §1125(a), and prohibiting Defendants from unfairly competing with the Church through the use of spurious designations substantially identical with or confusingly similar to the Church's previously used Cross Mark.

b. That the Court preliminarily and permanently enjoin and restrain Defendants and all of its employees, owners, officers, agents, attorneys, affiliates, all persons or entities in privity with it, and all those who receive notice thereof, from and against any and all further use of Defendants' Cross Design or any other mark confusingly similar to the Church's Cross Mark, alone or in combination with any words or designs, for or in connection with the Salvation Boulevard film, or any related goods or services.

8

c. A preliminary and permanent injunction and such other and further relief as is available under 17 U.S.C. § 502 to prevent any further violation of the Church's exclusive rights under 17 U.S.C. §106 in the Cross Mark.

d. An accounting and recovery under 15 USC § 1117(a) of all of Defendants' profits from sales of or other activities associated with the Salvation Boulevard film or and goods or services containing, using, bearing or sold under Defendant's Cross Design.

e. Recovery under 15 USC § 1117 (a) of the Church's damages, in an amount to be determined.

f. Trebling of Defendants' profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a) and/or (b), due to the deliberate and willful misuse by Defendants of the Church's previously used Cross Mark.

g. An award under 15 USC § 1117 to the Church of its costs in this action and reasonable attorney's fees and expenses due to the deliberate and willful nature of Defendants' infringement of the Church's obviously superior and exclusive rights in the Cross Mark.

h. That all films, copies, goods, signs, prints, and other promotional or advertising materials in the possession or control of Defendants bearing or using Defendants' Cross Design or any other colorable imitation or confusingly similar variation of the Cross Mark of the Church be delivered up to an officer of the Court for destruction pursuant to 15 USC § 1118.

i. That all publications or copies thereof including material in violation of the Church's exclusive rights in its Cross Mark and means for reproducing such publications in the possession or control of Defendants be delivered up to an officer of the Court for destruction pursuant to 17 USC § 503.

j. Recovery under 17 USC § 504 of the Church's actual damages and the profits of Defendants that are attributable to its copyright infringements, in an amount to be determined, or, as the Church may elect at any time prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c).

k. An award under 17 USC § 505 to the Church of its costs in this action and reasonable attorney's fees and expenses.

l. Such other, further, and additional relief as this Court may deem reasonable and just.

Church of God demands a jury to try the issues joined.

Respectfully submitted,

CHURCH OF GOD

By: _____

Mark S. Graham, BPR #11505
Robert O. Fox, BPR #15185
Michael J. Bradford, BPR #22689
LUEDEKA, NEELY & GRAHAM, P.C.
P.O. Box 1871
1871 Riverview Tower
Knoxville, TN 37901
Phone: (865) 546-4305
Fax: (865) 523-4478
ATTORNEYS FOR PLAINTIFF